UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                    Case No. 17-21455-LMI

CHRISTOPHER ANASTASIS MOYSSIDIS            Chapter 7
and ANDREINA CHIMARAS MOYSSIDIS,

    Debtors.
_____/

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY RELATING TO
MEDICAL DEVICE LITIGATION SETTLEMENT AND TO AUTHORIZE
PAYMENT OF FEES AND COSTS TO SPECIAL COUNSEL**

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

Barry E. Mukamal, Chapter 7 trustee of the above-referenced bankruptcy case (the "Trustee"), by undersigned counsel, pursuant to 11 U.S.C. § 328, Fed. R. Bankr. P. 9019 and Local Rule 9019-1, seeks the entry of an Order Approving Trustee's Motion to Compromise Controversy relating to a Confidential Settlement Agreement reached with Medical Device Litigation Defendant[1] (the "Defendant") and to Authorize Payment of Fees and Costs to Special Counsel, and in support would state as follows:

1. This case was commenced by the filing of a voluntary Chapter 7 petition by Christopher Anastasis Moyssidis (the "Debtor") & Andreina Chimaras Moyssidis (the "Joint Debtor") (collectively the "Debtors") on September 18, 2017 (the "Petition Date"). Barry E. Mukamal was appointed interim trustee and became permanent trustee by operation of law.

2. Prior to the Petition Date, the Joint Debtor was implanted with certain medical

---

[1] In accordance with the Confidential Settlement Agreement reached with the Medical Device Litigation Defendant, the name of the Defendant(s) will not be included in this Motion and is redacted from the Settlement Statement attached as Exhibit "A".

devices designed, manufactured, supplied, sold, and/or marketed by Defendant and which allegedly resulted in injuries to the Joint Debtor and lead to the medical device litigation.

3. Accordingly, as of the Petition Date, the Joint Debtor had a claim against Defendant, which became property of the bankruptcy estate, pursuant to 11 U.S.C. § 541, upon the commencement of this bankruptcy proceeding.

4. On September 30, 2022, the Trustee filed his Application for Employment of Special Counsel [ECF No. 53] (the "Application"), whereby the Trustee requested that the Court approve the employment of A. Renee Preston, Esq. and the law firm Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A ("Preston") to represent him as special counsel, for the purpose of pursuing the medical device litigation, on a 40% contingency fee basis, as set forth in the Application.

5. On November 3, 2022, the Court granted the Application [ECF No. 58] (the "Employment Order") and authorized the employment of Preston, on a contingency fee arrangement, as set forth in the Application.

6. According to Preston, the original settlement amount anticipated was $55,000.00 to $100,000.00, which was reduced due to a claim for a second surgery being denied. Preston did appeal the rejected claim and the Special Master stated that the records did not indicate that the issues found in the operative report involved or were related to the medical device.

7. Preston was able to obtain a settlement of the medical device litigation in the gross amount of $10,000.00 (the "Settlement Amount"), which will result in a net recovery to the bankruptcy estate in the amount of $5,000.00 after payment of attorneys' fees and costs in the amount of $5,000.00. Attached as Exhibit "A" is a copy of the Settlement Statement.

8. From the gross Settlement Amount, it is proposed that Preston be paid a 31.25% contingency fee, in the amount of $3,124.94. Other enumerated expenses ($1,875.06) to be paid from the gross Settlement Amount are set forth in the attached Exhibit "A".

9. The Trustee believes that this settlement should be accepted and is in the best interest of the bankruptcy estate.

10. Absent the settlement, the Joint Debtor's medical device litigation would have to be litigated with no assurance of a favorable outcome to the Joint Debtor or the estate. While the Trustee's special counsel believes the Debtor's medical device litigation is meritorious, the probability of succeeding in further litigation is uncertain. The resolution of the medical device litigation via the settlement provides a reasonable and favorable outcome to the estate and eliminates the risk of not prevailing in further litigation.

11. The Trustee believes that the costs of the litigation would diminish the recovery to creditors in this case.

12. The Trustee believes that this settlement is in the best interest of the creditors and the estate.

13. The legal standard for approval of settlement in the Eleventh Circuit is as outlined in *In re Justice Oaks, II, Ltd.,* 898F.2d 1522, 1549 (11th Cir.) *cert. denied,* 498 U.S. 959 (1990). *Justice Oaks, II* requires that the Court consider: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and the proper deference to their reasonable views in the premises. The Trustee believes that this settlement complies with the legal principles relied upon within these authorities.

14. The Trustee seeks the entry of an Order approving the settlement and authorizing payment of fees and costs to Preston in the amount of $5,000.00.

15. The Trustee believes that Preston's compensation complies with 11 U.S.C. § 328 and that he has provided a substantial benefit to the bankruptcy estate.

WHEREFORE, the Trustee respectfully requests the Court enter an Order: (1) approving the above-referenced settlement between the Trustee and Defendant; (2) approving the payment of the contingency fee and reimbursement of costs to Preston as set forth in the Settlement Statement attached hereto as Exhibit "A"; and (3) granting such other and further relief as the Court deems just and proper.

Dated: July 26, 2023

LSAS Attorneys
Attorneys for Barry E. Mukamal
One Biscayne Tower
2 S. Biscayne Blvd., Suite 2200
Miami, Florida 33131
Telephone: (305) 894-6163
Facsimile: (305) 503-9447

By:_____/s/_____
Christian Somodevilla, Esq.
Florida Bar No. 59539
cs@lss.law

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on July 26, 2023 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference) and via U.S. Mail to A Renee Preston, MDL Counsel, 316 South Baylen St., Suite 600, Pensacola, FL 32502.

By:_____/s/_____
Christian Somodevilla, Esq

**Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr Mougey, P.A.**
A Florida Professional Corporation

## Distribution Sheet and Closing Statement

**Clients Name:** Adreina Moyssidis
**Case No:** 201733
**Defendants:**
**Today's Date:** 7/10/2023

| | | | |
|---|---|---:|---:|
| **TOTAL RECOVERY** | | | $10,000.00 |
| **ATTORNEYS FEES** | | | |
| | MDL/MCL 10% (Deducted from Attorney Fee) | $1,000.00 | |
| | Levin Papantonio Rafferty | $1,274.96 | |
| | Constant Legal Group | $849.98 | |
| | **Total Attorneys' Fees + MDL/MCL Amount Charged to Attorneys** | | $3,124.94 |
| | **Total Attorneys' Fees and MDL/MCL Assessment as Percent of Total Recovery** | 31.25% | |
| **COSTS** | | | |
| | MDL/MCL 2% Charged to the Client as Cost | $200.00 | |
| | Lien Resolution Fee | $154.00 | |
| | Special Master Fee | $494.08 | |
| | Filing Fee | $402.00 | |
| | Preservation Expenses | $300.00 | |
| | Medical Records | $159.80 | |
| | Legal Research | $0.50 | |
| | Telephone Charges | $7.50 | |
| | Printing Charges | $1.70 | |
| | Postage Charges | $84.40 | |
| | Interest Charges | $71.08 | |
| | **Total Costs** | | $1,875.06 |
| **HEALTHCARE EXPENSES & LIENS** | | | |
| | None. | $0.00 | |
| | **Total Healthcare Expenses & Liens** | | $0.00 |

Exhibit A

**Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr Mougey, P.A.**
A Florida Professional Corporation

## Distribution Sheet and Closing Statement

| | | |
|---|---|---:|
| **PROCEEDS TO CLIENT** | Equals Total Recovery minus Total Attorneys Fees minus Total Costs minus Total Healthcare Expenses & Liens | $5,000.00 |

**GENERAL PROVISIONS**

I approve the above accounting and authorize disbursements as listed.

I understand the settlement agreement I signed with defendants requires me to keep this settlement confidential, and if I do not keep the settlement confidential, then I may be required to pay damages to the defendants for each time the confidentiality is breached.

I understand that this settlement will end any claims I have in the past, present or future against the defendants and all other persons, entities and/or companies who may be responsible for my injuries and were included as part of the settlement agreement. This language is not intended, however, to release any claims that I may have against Medicare, Medicaid, ERISA, Workers Compensation, any public or private healthcare coverage or governmental benefits, or any other persons or entities not part of the release.

I agree that I have not filed any personal bankruptcy proceeding that is still pending.

I understand that the payments to be made to me and referenced in the Confidential Settlement Agreement and Release and in this Distribution Sheet/Closing Statement are contingent on my attorneys receiving the settlement money from the Defendants, and that no payments will be made to me until such time as my attorneys receive the settlement money from the Defendants.

I understand that my case was evaluated individually but was settled with the Defendants along with many other clients my law firm is handling against the same Defendants and that my settlement was not negotiated separate from the other clients being represented by my law firm and that my law firm's clients received different amounts depending upon the circumstances of each client's case.

I understand that deductions have been made to pay my medical expenses, subrogation claims, and liens, if such deductions are noted in the Distribution Sheet.  However, I agree that medical expenses, subrogation claims, and liens are my responsibility and if any such expenses and claims have not been paid by my insurance or by deduction, then I assume full responsibility for payment of them.  I agree to indemnify, hold harmless and defend Levin Papantonio Rafferty against all costs, losses, expenses, suits, claims or damages of any kind or nature whatsoever arising out of or related in any way to medical expenses, subrogation claims, and liens for which I have not notified my attorneys in writing as of the date of this Statement.

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:   Case No. 17-21455-LMI

CHRISTOPHER ANASTASIS MOYSSIDIS   Chapter 7
and ANDREINA CHIMARAS MOYSSIDIS,

    Debtors.
_____/

**ORDER GRANTING TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY RELATING TO MEDICAL DEVICE LITIGATION SETTLEMENT AND TO AUTHORIZE PAYMENT OF FEES AND COSTS TO SPECIAL COUNSEL**

THIS CAUSE came on before the Court upon *Trustee's Motion to Compromise Controversy Relating to Medical Device Litigation Settlement and to Authorize Payment of Fees and Costs to Special Counsel* [ECF No. 62] (the "Motion"), and the movant by submitting this form of order having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion, and otherwise finding that the Settlement Statement (the "Settlement") attached as **Exhibit**

"A" to the Motion is reasonable and in the best interest of the creditors and other parties in interest. Accordingly, it is --

**ORDERS** as follows:

1. The Motion is **GRANTED.**

2. The Court adopts and approves the Settlement between the Trustee and Defendant, as described in the Motion.

3. The Court allows and awards to A. Renee Preston, Esq. and the law firm Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A ("Preston") a 31.25% contingency fee associated with the settlement, in the amount of $3,124.94, and reimbursement of costs in the amount of $1,875.06, pursuant to 11 U.S.C. § 328.

4. The Court authorizes all of the other disbursements, if any, set forth in the Settlement Statement attached as Exhibit "A" to the Motion.

5. Preston shall disburse the $5,000.00 net recovery to "Barry E. Mukamal, Trustee" and be delivered to PO Box 14183, Fort Lauderdale, FL 33302. The disbursement must reference the Debtors' names and bankruptcy case number.

6. The Trustee is authorized to execute any and all paperwork to effectuate the settlement.

###

**Submitted by:**

Christian Somodevilla, Esq.
LSS Law
2 S. Biscayne Blvd., Suite 2200
Miami, Florida 33131
Telephone: (305) 894-6163
Facsimile: (305) 503-9447
cs@lss.law

Copies to:

Christian Somodevilla, Esq.

Attorney Somodevilla is directed to serve copies of this order on all creditors and interested parties and to file a certificate of service.